IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER W. COLE** | ) | |
| 12601 King Arthur Ct | ) | |
| Glenn Dale, MD 20769 | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | 17-cv-2168-PWG |
| **KOHL'S DEPARTMENT STORES, INC.** | ) | |
| **Serve**: Corporate Creations Network Inc. | ) | |
| 2 Wisconsin Circle #700 | ) | |
| Chevy Chase, MD 20815 | ) | |
| | ) | PWG 17CV2168 |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT AND JURY DEMAND

The Plaintiff, Jennifer W. Cole, brings this complaint against the defendant Kohl's

Department Stores, Inc. ("Kohl's"), and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorney's

fees pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act or "FCRA") and the

common law tort of defamation.

### PARTIES

2.     Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

3.     Kohl's operates department stores that sale private label, exclusive, and national

brand apparel, footwear, accessories, beauty, and home products to children, men, and women.

### FACTS

4.     In 2015, Plaintiff obtained her credit reports and learned Kohl's was reporting

negative information regarding a purported credit account. Additionally, according to

1

Plaintiff's Experian credit report, Kohl's made a hard inquiry into her credit report on March 1, 2015. Plaintiff disputed this inquiry with Experian in her dispute on or about October 5, 2015.

5.      The reporting was false because the Plaintiff had no account with Kohl's.

6.      By letter dated August 3, 2015, Plaintiff disputed the Kohl's tradeline with the three national credit reporting agencies ("CRAs"). In her dispute, the Plaintiff claimed Capital One, who is also listed on Plaintiff's credit report as a source of information for the Kohl's tradeline, could not verify that the account was opened by the Plaintiff. In support of her dispute, the Plaintiff attached a 2001 and 2006 application that was provided by Capital One. Neither the 2001 nor 2006 application verified the Kohl's account was opened by Plaintiff.

7.      In August 29th 2015, Plaintiff submitted an online dispute of the Kohl's account with Experian and Equifax. The disputes were submitted via Experian's and Equifax's website and disputed the account as being fraudulent and opened by someone that stole her identity.

8.      After each of the CRAs forwarded Plaintiff's disputes to Kohl's, the Defendant merely verified that the information currently being reported to the CRAs was consistent with the information in its credit reporting files. Kohl's did not look into whether its credit reporting files were accurate. In order to conduct a reasonable investigation of Plaintiff's dispute, Kohl should have verified that Plaintiff signed the application that created this account. Had Kohl's investigated whether the Plaintiff signed the application or otherwise opened the Kohl's account, it would have discovered that Plaintiff did not sign the application and did not authorize an account to be opened in her name. Consequently, a reasonable investigation would have resulted in Kohl's instructing the CRAs to delete the account or notifying the CRAs that could not conclusively verify that Plaintiff signed the application.

9.      By letter dated October 5, 2015, Plaintiff disputed the Kohl's tradeline with the CRAs. In her dispute, the Plaintiff stated she requested Kohl's to provide the credit application

that created the Kohl's account reported on her reports. She explained that Kohl's response did

not include a copy of the application but provided account statements for a credit account that

was different – the account numbers were completely different – than the account being

reported by Kohl's. She further noted that the "open date" on the account on her report was

different than the open date for the account in the account statements that Kohl's sent to

Plaintiff. Specifically, the open date for the account on her report is 06/23/2009 and the

account statements that Kohl's sent me as a proof of the account was purportedly opened in

July 2010. Additionally, Plaintiff attached the Kohl's letter and account statements that were

sent to her and those documents verified Plaintiff's claims.

       10.     After each of the CRAs forwarded Plaintiff's disputes to Kohl's, the Defendant

merely verified that the information currently being reported to the CRAs was consistent with

the information in its credit reporting files. Kohl's did not consider whether its credit reporting

files were inaccurate or not. In order to conduct a reasonable investigation of Plaintiff's

dispute, Kohl should have researched more than its credit reporting files. A reasonable

investigation would have revealed that the reported account was different than the account in

its files for the Plaintiff. And would have further revealed that there is no application on file to

verify any of the accounts claimed to belong to Plaintiff. Being that Plaintiff provided the

Kohl's letter and account statements from Kohl, the Defendant knew that the "open date" and

"account number" being reported to the CRAs referenced a different account than the account

that Kohl's has in its files relating to Plaintiff. Despite this contradictory information, Kohl's

did not take any steps to reconcile this difference and instructed the CRAs to continue

reporting the patently inaccurate information. Had a reasonable investigation been performed,

Kohl's would have learned that it could not verify the account and instructed the CRAs to

delete the account.

11.     Not only has Kohl's failed to modify or delete the negative information from Plaintiff's credit report, but Kohl's has falsely reported that Plaintiff's dispute has been completed or resolved. This is false because Plaintiff continues to dispute the account and the matter has not been resolved.

12.     Plaintiff's credit reports were furnished to numerous third parties while the derogatory Kohl's account was on her reports.

13.     Plaintiff has expended time, resources and money attempting to have Kohl's correct her reports.

14.     Plaintiff has also suffered emotional and mental distress as a result of learning of BOA's derogatory and inaccurate reporting. And her distress was exacerbated as a result of her failed endeavors to have her reports corrected.

## COUNT ONE: VIOLATION(S) OF MCDCA
### (Md. Code Ann., Com Law §14-202)

15.     Plaintiff incorporates paragraphs 1 through 14.

16.     Defendant Kohl's letter dated July 16th 2015 violated MCDCA§14-202(8) by claiming a right to hold Plaintiff financially responsible for a debt that Kohl's knew, or should have known, did not belong to Plaintiff.

17.     Defendant's foregoing MCDCA violations caused the Plaintiff to endure damages including out-of-pocket expenses, credit damage, frustration, anger, humiliation and other emotional and mental distress, rendering Defendant liable for actual damages in an amount of $20,000 pursuant to MCDCA, §14-203.

## COUNT TWO: VIOLATION(S) OF MCPA
### (Md. Code Ann., Com Law §13-301)

18.     Plaintiff incorporates paragraphs 15 through 17.

19.     Defendant Kohl's violated the MCPA §13-301(13)(iii) when it violated the MCDCA at §14-202(8) as described in paragraph 16.

20.     Defendant's foregoing MCPA violations caused the Plaintiff to endure damages including out-of-pocket expenses, credit damage, frustration, anger, humiliation and other emotional and mental distress.

21.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages in amount of $20,000 pursuant to the MCPA, §13-408(a).

## COUNT THREE: VIOLATION(S) OF FCRA

22.     Plaintiff incorporates paragraphs 1 through 21.

23.     Under the FCRA, 15 U.S.C. §1681s-2(b) Kohl's was required to conduct a careful inquiry of Plaintiff's dispute and report back the results of its findings to the CRAs.

24.     Either Kohl's did not conduct a reasonable investigation of Plaintiff's disputes or it failed to *accurately* report the results of its investigation to the CRAs.

25.     Kohl's policy is to simply verify that the CRA is reporting the information consistently with its credit reporting files. Kohl's does not have any procedures or it lacks adequate procedures to verify that its credit reporting files are accurate.

26.     Upon information and belief Kohl's has records that establish the reported account contained inaccurate information. Plaintiff's information and belief is based upon a letter that Plaintiff received from Kohl's wherein Kohl's provided copies of its records that referenced a different account than the account being reported to the CRAs. Therefore, Kohl's knew the reported information was inconsistent with information in its records.

27.     Despite the Fourth Circuit opinion in *Johnson v. MBNA*, the Defendant has not adopted procedures or it routinely fails to implement procedures that require an investigation that goes beyond a cursory review of its credit reporting files. The Defendant never consults

5

the underlying documents, such as the credit applications, to verify that the debtor is liable for the debt. Kohl's failure to adopt or implement procedures that verify the debt by making an inquiry into the underlying documents in response to an ownership disputes, a fraud dispute or identity theft dispute, is reckless as such procedures are not designed to and cannot conclusively verify the disputed information.

28.     Although the Plaintiff maintains that the account is being reported inaccurately and has not conceded or agreed that the debt belongs to her, nor has a third party, i.e. tribunal found the dispute has been resolved, the Defendant has instructed the CRAs to report the dispute as completed or resolved. This error is a result of Defendant's conscious policy to disregard the legitimacy of a debtor's dispute. Kohl's policy is to report its version of the story and omit any relevant factors – no matter the merit – that could help explain the negative reporting or accurately portray the true nature of the debtor's dispute.

29.     Kohl's violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A)-(E) by failing to fully and properly respond to the Plaintiff's disputes.

30.     Kohl's violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(D)&(E) by failing to delete or modify the disputed information after it investigated Plaintiff's disputes.

31.     Kohl's violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A)-(D) by failing to report that the dispute was *not* completed and/or resolved and failing to report any mitigating factors concerning the negative information.

32.     Defendant Kohl's foregoing violations caused the Plaintiff to experience severe emotional distress (i.e. frustration, humiliation, anger, etc.), which occasionally manifested as physical sickness – headaches, stomach pains, sleeplessness and depression.

33.     Kohl's failure to modify or delete the inaccurate information caused the Plaintiff *not* to apply for credit and thereby lose credit opportunities.

34.     Defendant's conduct was not only negligent, but its policies were willful in that the policies were designed to skirt the law because complying with the law would hurt or diminish Kohl's profits. Kohl's intentional decision to circumvent the law ran more than a high risk of violating the FCRA.

35.     Plaintiff is seeking actual damages in the amount of $100,000 pursuant to 15 U.S.C. §1681o. Plaintiff is also seeking punitive damages in the amount of $500,000 pursuant to 15 U.S.C. §1681n. Additionally, Plaintiff is entitled to statutory damages of $1,000 and her costs for bringing this action.

## COUNT FOUR: DEFAMATION

36.     Plaintiff incorporates paragraphs 1 through 35.

37.     Defendant intentionally and maliciously made false statements publically about Plaintiff's credit history. Defendant made false statements to the CRAs with the knowledge that CRAs would provide those false statements to creditors or potential creditors of Plaintiff.

38.     Defendant knows, or should know, that Plaintiff did not have a debt with it. Despite having no application to verify the Plaintiff opened the account, Kohl's reported to the CRAs that she owed the debt. Despite having no documents and records that indicated the reported information was false and inaccurate, the Defendant reported to the CRAs that she owed the disputed debt. The statements were defamatory in tending to injure the Plaintiff's credit profile and credit reputation in the financial community, as it impugns her to be financially irresponsible when Plaintiff, in fact, had no obligation to pay the Defendant.

39.     In its publications and/or reportings to the CRAs, Defendant Kohl's knowingly and intentionally made the aforementioned false and defamatory statements about Plaintiff as a collection method and leverage to extort a payment from the Plaintiff.

40.     Defendant Kohl's published this false and defamatory statements to the CRAs, who reasonably understood and interpreted this publication to be defamatory.

41.     Defendant Kohl's acted with knowledge of the falsity of the statements knowing that the derogatory account would cause the Plaintiff to have difficulties getting credit, thereby incentivizing the Plaintiff to pay the debt.

42.     As a result of the false and defamatory statements published by Defendant Kohls, the character and financial reputation of the Plaintiff was harmed, her standing and reputation in the financial and credit community was impaired, and she suffered mental anguish as result.

43.     As a direct and proximate result of the false and defamatory credit reporting published by Defendant Kohl's, Plaintiff's credit score and credit profile was injured, thereby suffering a loss of prospective credit.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

## DEMAND FOR TRIAL BY JURY

44.     Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

JENNIFER W. COLE

Jennifer W. Cole
12601 King Arthur Ct
Glenn Dale, MD 20769
Tel: (202) 810-5720
E-mail: jenniferwcole@aol.com
*Pro Se Plaintiff*